## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHIRL A. HONEY, | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| DOVER DOWNS, INC., a Delaware corporation, | **COMPLAINT** |
| Defendant. | |

1. Plaintiff Shirl A. Honey is a resident of the State of Delaware residing at 210 MacArthur Drive, Dover, Delaware 19901.

2. Defendant Dover Downs, Inc. is a Delaware corporation whose registered agent for service of process is Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII).

4. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3) and by 28 U.S.C. § 1343.

5. Venue for all causes of action stated herein lies in the District of Delaware, as acts alleged as the bases for these claims took place within the boundaries of that District.

6. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, to redress the wrongs done to her by Defendant's discrimination against her on the basis of her sex.

7. Plaintiff timely submitted a complaint of discrimination and retaliation on the basis of sex to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff has received a Notice of Right to Sue for the above referenced charge from the DDOL.

9. Plaintiff has timely filed this complaint within ninety (90) days of her receipt of the DDOL Notice of Right to Sue.

10. Plaintiff did not receive timely notice from the EEOC that her claim was closed and never received the April 1, 2019 Right to Sue letter until August 8, 2019.

11. Plaintiff is female.

12. Plaintiff began employment with Dover Downs as a Security Office/Professional Security, advancing to the position of Claims Coordinator/Trainer at the time of her termination.

13. Plaintiff was employed by Defendant from on or about February 22, 1999 and was continuously employed through on or about February 14, 2018, at which point she was unlawfully terminated.

14. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

15. Beginning around August 2017, Steven Webb ("Webb"), Purchasing Manager, began sexually harassing Plaintiff by making sexual remarks.

16. Webb told Plaintiff that he would like "to stick his dick in her just one time".

17. When Plaintiff warned Webb not to talk to her that way, Webb told her that she could not complain because he and the President/Chief Executive Officer, Ed Sutor, were friends.

18. One day in September 2017, Webb came up behind Plaintiff and pressed his front to her back and buttocks.

19. Plaintiff quickly moved away and told Webb to leave the room.

20. When Plaintiff warned Webb that she would make a complaint, Webb told her that no one would believe her.

21. On or around January 2018, Webb stated again that he "would stick his dick in her" and began to follow her, making remarks about her buttocks.

22. Plaintiff asked Webb to stop but he continued making lewd remarks.

23. Plaintiff complained to Security Director, Marie Jerdan, who stated that nothing was going to be done because Webb was Sutor's friend.

24. In February 2018 Herman Lee Ford, Surveillance Director, stated that he "would drill a hole in Plaintiff's wall and stick his dick through it", and that they should "take the day off and fuck all day."

25. Plaintiff told Ford that he should not talk to her that way.

26. Plaintiff again complained to Marie Jerdan who stated that Ford had been an employee for 22 years and nothing could be done with Ford.

27. Plaintiff also complained to Rich, a new Human Resources representative, in February, 2018, about the sexual harassment she was experiencing.

28. Around December 2, 2017, $5,000.00 was discovered in an envelope on Dover Downs property, on the floor.

29. Plaintiff, in her position as Claims Coordinator, and as Dover Downs' policy dictates, put the $5,000 in the lost and found safe in the Security Office.

30. After 30 days had passed and the money was not claimed, Plaintiff then instructed Dover Downs employee, Mike Mallow, to move the money into the Sunshine Fund, per Dover Downs' policy, and log it into the Fund.

31. The money was never logged into the Sunshine Fund and Defendant claimed that Plaintiff was responsible for never logging the $5,000.00 into Dover Downs' Sunshine Fund.

32. On February 7, 2018 Dover Downs Gaming & Enforcement officer, Larry Kelsey, began an investigation into the $5,000.00.

33. Plaintiff and her fiancée were wrongly accused of misappropriating the funds.

34. On February 14, 2018, Plaintiff met with Marie Jerdan and "Rich", from Human Resources, who informed Plaintiff that she was terminated because she could not be trusted.

35. During the period of her employment, Plaintiff was subjected to differential treatment on the basis of her sex by agents of the Defendant, including but not limited to retaliation and termination for sexual harassment of her by Webb and Ford and her complaints to management about the harassing conduct.

36. The reason proffered by Defendant for Plaintiff's termination, i.e., that Plaintiff had misappropriated $5,000, was pretextual and intended to mask the true reasons for the Defendant's actions, i.e., discrimination and retaliation against the Plaintiff on the basis of her sex in violation of Title VII.

37. Defendant is liable for the actions of its agents as set forth in this complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of the agents' actions by Defendant.

38. The wrongful acts committed by the Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith.

4

## COUNT I – TITLE VII

39. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 38 hereinabove.

40. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has discriminated against Plaintiff on the basis of her sex and created a hostile work environment towards women in violation of 42 U.S.C. § 2000e *et seq.*

41. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has retaliated against Plaintiff on the basis of her sex in violation of 42 U.S.C. § 2000e *et seq.*

42. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a) back pay, including interest;

b) reinstatement, if feasible, or in the alternative, front pay;

c) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d) punitive damages;

e) pre-judgment and post-judgment interest;

5

f) attorney's fees; and

g) any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

By: _____

William D. Fletcher, Jr., Esquire
Bar I.D. # 362
Gary E. Junge, Esquire
Bar I.D. # 6169
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorneys for Plaintiff

Dated: 9-3-19

6